IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| IN RE THE GUARDIANSHIP and CONSERVATORSHIP OF JOHN HENRY TITECA, An Incapacitated Person | CV 14-105-BLG-SPW-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I.  INTRODUCTION

This guardianship and conservatorship action was removed to this Court by the United States, which seeks to quash a state court order regarding payment of John Henry Titeca's ("Titeca") veteran's benefits.  The United States argues that the order violates its sovereign immunity and was entered by the state court acting without subject matter jurisdiction.

## II.  BACKGROUND

The state court initially appointed Shawn Henry Titeca as a temporary guardian and conservator for Titeca.  *Order (dated July 26, 2011) Appointing Temp. Full Guardian and Conservator (ECF 4) at 1.* On September 11, 2012, the state court substituted Elaine Allestad ("Allestad") as Titeca's guardian and conservator.  *O. Replacing*

*Guardian & Conserv. (ECF 4-11)*.

On April 23, 2014, the Department of Veterans Affairs ("VA") determined that Titeca is not competent for VA purposes. *Decl. of Ronald Taylor (ECF 8) at Exh. A*. On May 21, 2014, the VA appointed Sharon Ellis ("Ellis") to be Titeca's fiduciary for his VA benefits. *Id.* at Exh. B. In the order challenged here, the state court on July 21, 2014, directed that Ellis: (1) take any necessary steps to have Allestad named as the fiduciary for Titeca's VA benefits; (2) return any funds from the VA not directly expended for Titeca to Allestad, and remit all other funds from the VA for Titeca to Allestad; and (3) file an accounting of all money received from the VA, detailing "exactly how much and for what the expended monies were used." *(ECF 4-21)*.

In its motion, the United States argues that objections to a fiduciary appointed by the VA may only be heard by the Board of Veterans Appeals and from the Board to the Article 1 Court created to hear such appeals, and finally to the Federal Circuit Court. It further asserts that the Supremacy Clause and statutes and regulations regarding veterans' benefits prevent the state court from interfering with the VA's fiduciary decisions. *ECF 7 at 4*.

No party has appeared in response to the pending motion. The United States represents Sharon Ellis does not object to the motion, but that Elaine Allestad did not respond to phone messages so her position is unknown. The motion and brief were served on both Allestad and Ellis by U.S. Mail. *See Cert. of Service, ECF 6 at 4, ECF 7 at 17.* Although Allestad's response was due on November 4, 2014, no brief has yet been filed.

## II. **LEGAL STANDARDS**

When a case is removed from state court, it is taken "up where the state court left it off." *Granny Goose Foods, Inc. v. Bhd. of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda County*, 415 U.S. 423, 435–436 (1974). The duration and effect of a state court order is determined by federal law after removal, and remains binding only until dissolved or modified by the federal court. 28 U.S.C. § 1450; *Granny Goose Foods, Inc.*, 415 U.S. at 437.

The United States' motion under Rule 12(b)(1) raises a challenge to the state court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Unlike a motion under Rule 12(b)(6), a party moving under Rule 12(b)(1) may submit "affidavits or any other evidence properly before

the court." *Assn. of Am. Med. Colleges v. U.S.*, 217 F.3d 770, 778 (9th Cir. 2000) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). It then becomes necessary for the party opposing the motion to present affidavits and any other evidence necessary to satisfy its burden of establishing that the court, in fact, possessed subject matter jurisdiction. *Id.*

### IV. <u>ANALYSIS</u>

#### A. Motion to Quash State Court Order

The United States has filed a thorough brief detailing its position. *See ECF 7*. This Court has examined the authorities cited therein and determined that the VA does have authority, as granted by Congress, to determine "all questions of law and fact" concerning veterans benefits. *See* 38 U.S.C. § 511(a). Objections to a decision made regarding veterans benefits must be made internally and appealed first to the Board of Veterans Appeals. *Veterans for Com. Sense v. Shinseki*, 678 F.3d 1013, 1021–1022 (9th Cir. 2012). After the initial objection, any "claims related to the provision of veterans' benefits" is "within the exclusive purview of the United States Court of Appeals for Veterans Claims and the Court of Appeals for the Federal Circuit." *Id.* at 1016.

-4-

This includes a decision to appoint a fiduciary for a veteran's benefits. *See Freeman v. Shinseki*, 24 Vet. App. 404, 405 (Vet. App. 2011). Additionally, the Montana Supreme Court has recognized that federal law on veterans benefits preempts state law, preventing a state court from distributing or dividing veterans benefits from the VA. *Lutes v. Lutes*, 121 P.3d 561, 564 (Mont. 2005).

The state court order (*ECF 4-21*) purports to alter the VA's decisions regarding Titeca's veterans benefits. While directed to Ellis, the order seeks to modify the fiduciary appointed by the VA and orders that Titeca's veterans benefits be transferred to a person not appointed or approved by the VA. *Id*. The state court did not have the necessary subject matter jurisdiction to override the VA's decision regarding Titeca's benefits, nor does this Court. 38 U.S.C. § 511(a). As a result, the United States' motion (*ECF 6*) to quash the state court order (*ECF 4-21*) should be granted.

B.   **Remand**

When a civil action is "against or directed to" a United States agency, the case is subject to removal. 28 U.S.C. § 1442(a). It is within a court's discretion to remand an action to the state court from which it

was removed after the basis for removal jurisdiction is dropped. *Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974).

The challenged state court order (*ECF 4-21*) is the only portion of the case against the United States, specifically the VA. Without the state court order, the jurisdictional basis on which the case was removed no longer exists. There are no remaining issues against the VA. As a result, it is within this Court's discretion to remand the case for any further proceedings. Thus, the Court recommends that the remainder of the case be remanded to the Montana Sixth Judicial District Court, Sweet Grass County.

V. **CONCLUSION**

Based on the foregoing, IT IS RECOMMENDED that United States' motion (*ECF 6*) to the quash state court order be GRANTED and the state court order (*ECF 4-21*) be quashed. IT IS FURTHER RECOMMENDED that the remainder of the case be remanded back the Montana Sixth Judicial District Court, Sweet Grass County.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that

pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 19th day of November, 2014.

/s/ Carolyn S. Ostby<br>
United States Magistrate Judge